UNITED STATES DISTRICT COURT                    **(ECF)**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CHARLES SANDERS,                       :    12 Civ. 3339 (BSJ) (JCF)
                                       :
             Petitioner,               :        REPORT AND
                                       :     <u>RECOMMENDATION</u>
                                       :
      - against -                      :
                                       :
PAUL CHAPPIUS,                         :
                                       :
             Respondent.               :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE BARBARA S. JONES, U.S.D.J.:

        Charles Sanders, proceeding <u>pro</u> <u>se</u>, has submitted an
application for a writ of habeas corpus pursuant to 28 U.S.C. §
2254, challenging his conviction in New York State Supreme Court,
Bronx County, on six counts of murder and one count each of
burglary, robbery, and criminal possession of a weapon.  Mr.
Sanders asserts that he was deprived of effective assistance when
his attorney failed to file a timely notice of appeal.  For the
reasons that follow, I recommend that the petition be dismissed as
time-barred.

<u>Background</u>

        In February of 1987, the petitioner, along with a co-
defendant, went to an apartment in the Bronx to rob a drug dealer,
and in the process killed three people -- including a mechanic who
happened to be in the apartment -- by shooting each in the head
while they were lying down on the floor.  (Transcript of Sentencing
dated Dec. 15, 1988 ("Sentencing Tr."), attached as Exh. 1 to
Declaration of Noah J. Chamoy dated June 8, 2012 ("Chamoy Decl.")
at 4-7).  On October 17, 1988, Mr. Sanders was found guilty after

1

a jury trial of six counts of murder in the second degree in violation of New York Penal Law § 125.25(3), one count of robbery in the first degree in violation of Penal Law § 160.15(2), one count of burglary in the first degree in violation of Penal Law § 140.30(1), and one count of criminal possession of a weapon in the third degree in violation of Penal Law 265.03(2). (Petition for Writ of Habeas Corpus dated April 18, 2012 ("Pet."), ¶¶ 1, 5; Chamoy Decl., ¶ 7). On December 15, 1988, the petitioner was sentenced to an aggregate term of imprisonment of 75 years to life, and judgment was entered. (Pet., ¶ 3; Chamoy Decl., ¶ 7).

Mr. Sanders alleges that after the sentencing, his trial counsel told him that he would file a notice of appeal on the petitioner's behalf.[1] (Affidavit in Support of CPL § 460.30 Motion dated Oct. 24, 1990 ("Sanders Aff."), attached as Exh. E to Memorandum of Law in Support of Writ of Habeas Corpus Petition ("Pet. Memo.") at 2, ¶¶ 5-6; Letter of Charles Sanders dated Feb. 14, 1994, attached as Exh. J to Pet. Memo. at 1). About a year later, Mr. Sanders wrote to the Appellate Division, First Department, to inquire about the status of a notice of appeal that he said he submitted on December 15, 1988. (Letter of Charles Sanders dated Jan. 11, 1990, attached as Exh. 2 to Chamoy Decl., at 1). In response, the First Department sent the petitioner a letter

---

[1] A transcript of the petitioner's sentencing shows that the court clerk informed Mr. Sanders that he must file a notice of appeal within 30 days; the petitioner's trial counsel then told the court that he would "remain available for 30 days on behalf of" Mr. Sanders, that he had advised Mr. Sanders of the procedure for appealing, and that Mr. Sanders had been given a notice of appeal form. (Sentencing Tr. at 11).

informing him that no notice of appeal had been filed on his behalf.[2] (Letter of First Department dated Jan. 24, 1990 ("Jan. 24, 1990 First Dep't Letter"), attached as Exh. 3 to Chamoy Decl., ¶ 6).

Over the next 23 years, Mr. Sanders filed four applications for extensions of time to file a notice of appeal pursuant to New York Criminal Procedure Law ("CPL") § 460.30 and four motions to vacate his convictions pursuant to CPL § 440.10.[3] (Motion for Extension of Time for Taking Appeal dated June 27, 1990 ("June 27, 1990 Motion"), attached as Exh. C to Pet. Memo.; Motion for Extension of Time for Taking Appeal dated Oct. 24, 1990 ("Oct. 24, 1990 Motion"),[4] attached as Exh. E to Pet. Memo. at 1; Motion for

---

[2] Mr. Sanders has submitted as part of his habeas corpus petition an appeals form signed by him and dated December 15, 1988. (Notice of Right to Appeal dated Dec. 15, 1988, attached as Exh. A to Pet. Memo.). Despite instructions on the form to give or mail the bottom part of the form to his attorney, it remains attached and does not appear to have been given to his attorney or to the court clerk.

[3] Neither the petitioner nor the respondent provides motion papers or the court's order for the third of four CPL § 440.10 motions filed by Mr. Sanders. However, the respondent notes that, according to records maintained by the Supreme Court, the petitioner moved for relief under CPL § 440.10 in a motion dated May 20, 2004, which was denied on June 16, 2004. (Chamoy Decl. ¶¶ 38-39; Order and Decision dated Nov. 15, 2010 ("Nov. 15, 2010 Order"), attached as Exh. 33 to Chamoy Decl., at 7).

[4] The date this motion was filed is in dispute. It bears no date stamp, but is dated October 24, 1990. (Oct. 24, 1990 Motion). The respondent notes that the petitioner wrote to the First Department in December 1991, inquiring about the status of his motion, which he said he filed in October of 1990. (Letter of Charles Sanders dated Dec. 4, 1991, attached as Exh. F to Pet. Memo.). The First Department responded that it had no record of "any amended motion [filed by the petitioner] to this court on or about October, 1990." (Letter of First Department dated Dec. 11,

Forma Pauperis Status and for Assignment of Counsel dated Feb. 14, 1994 ("Feb. 14, 1994 Motion"), attached as Exh. J to Pet. Memo. at 4; Motion to Vacate Judgment of Conviction dated Nov. 24, 1997 ("Nov. 24, 1997 Motion"), attached as Exh. 18 to Chamoy Decl.; Letter of Charles Sanders dated May 12, 2002, attached as Exh. 22 to Chamoy Decl.; Letter of Charles Sanders dated Sept. 14, 2002, attached as Exh. 25 to Chamoy Decl.;  Motion to Vacate Judgment of Conviction dated Aug. 3, 2010, attached as Exh. 31 to Chamoy Decl.).   None were successful.   (Order dated Aug. 30, 1990, attached as Exh. D to Pet. Memo.; Order dated April 9, 1992, attached as Exh. H to Pet. Memo.; Order dated Sept. 8, 1992, attached as Exh. I to Pet. Memo.; Order dated May 5, 1994 ("May 5, 1994 Order"), attached as Exh. L to Pet. Memo.; Order dated April 20, 1998, attached as Exh. 20 to Chamoy Decl.; Order dated March 20, 2003, attached as Exh. 27 to Chamoy Decl.; Nov. 15, 2010 Order).

In addition, in 2006 and again in 2011, Mr. Sanders, represented by the Legal Aid Society, filed petitions for a writ of error coram nobis in the First Department.   (Petition for a Writ of Error Coram Nobis dated Feb. 17, 2006, attached as Exh. 28 to Chamoy Decl.; Petition for a Writ of Error Coram Nobis dated March 28, 2011, attached as Exh. 34 to Chamoy Decl.).   These were also denied.   (Order dated Aug. 18, 2011, attached as Exh. R to Pet. Memo., at 21; Pet. Memo., ¶¶ 16-17; Chamoy Decl., ¶¶ 41, 52).   Mr.

---

1991, attached as Exh. G to Pet. Memo.).   The respondent contends that the motion therefore could not have been filed before December 11, 1991. (Chamoy Decl., ¶ 18).

Sanders sought leave to appeal these denials (Letter of Joanne Legano Ross dated Feb. 12, 2007, attached as Exh. 30 to Chamoy Decl.; Letter of Joanne Legano Ross dated Sept. 14, 2011, attached as Exh. 36 to Chamoy Decl.), but leave was denied by the New York Court of Appeals (Order dated Nov. 30, 2011, attached as Exh. R to Pet. Memo. at 22; Pet. Memo., ¶ 16; Chamoy Decl., ¶¶ 43, 54).[5]

On April 18, 2012, the petitioner submitted his petition for habeas corpus to this Court.[6]

Discussion

   A. Application of the Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") established a one-year statute of limitations for habeas corpus petitions, running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

_____

   [5] The petitioner, proceeding pro se, sought reconsideration of the latter denial by the New York Court of Appeals. (Application for Permission to File Reargument, Coram Nobis, Affirmation, Memorandum of Law, Appellate and Court of Appeals Orders dated March 22, 2012, attached as Exh. R to Pet. Memo., at 23). That court denied the application as untimely. (Letter of New York Court of Appeals dated April 11, 2012, attached as Exh. S to Pet. Memo.).

   [6] Under the "prison mailbox rule," a petition filed by a prisoner is seemed filed when it is delivered to correctional authorities for mailing to the court. See Houston v. Lack, 487 U.S. 266, 270 (1988); Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000).

Generally, the AEDPA's one-year statue of limitations period runs from "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA does not specify which limitations period applies to prisoners whose convictions became final prior to the AEDPA. However, the Second Circuit, in Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998), found that such inmates have a one-year grace period in which to file their habeas corpus petitions, i.e., they must have filed their habeas petitions within one year of April 24, 1996, the date of the AEDPA's enactment.

The petitioner's state conviction became final prior to the enactment of the AEDPA.  Under New York state law, a defendant has thirty (30) days from the judgment of conviction to seek leave to appeal.  See CPL § 460.10(5)(a).  In this case, the petitioner's judgment of conviction was entered on December 15, 1988.  (Pet., ¶ 2; Chamoy Decl., ¶ 7).  Mr. Sanders did not file a timely notice of appeal.  Therefore, his judgment became final on January 16, 1989,[7] thirty (30) days after his judgment of conviction was entered, at which point his time for filing a notice of appeal from his judgment of conviction expired under CPL § 460.10(1).  Accord Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002).  Thus, because his conviction became final prior to the enactment of the AEDPA, Mr. Sanders had until April 24, 1997 to file a habeas petition.

Mr. Sanders had no state proceedings pending during the AEDPA's one-year grace period.  During that time, he wrote a letter to the First Department requesting a copy of an application that he said he filed on December 15, 1988.  The First Department responded, as it had to a similar request Mr. Sanders had made in 1990, that it had no record of his filing any papers on that date.  (Letter of First Department dated April 16, 1997, attached as Exh. 17 to Chamoy Decl.).  Writing a letter does not constitute a "properly filed application for State post-conviction or other

---

[7] Because the expiration of the thirty (30) day period fell on January 14, 1988, a Saturday, the petitioner's judgment of conviction became final on the next business day, January 16, 1988. See N.Y. Gen. Constr. § 25-a.

collateral review," 28 U.S.C. § 2244(d)(2), and therefore did not toll the AEDPA's statute of limitations.  See, e.g., Lebron v. McGinnis, No. 05 Civ. 1370, 2010 WL 2652223, at *2 (N.D.N.Y. April 1, 2010) (finding that letter indicating forthcoming application was not a "properly filed" application), report and recommendation adopted by 2010 WL 2652215 (N.D.N.Y. June 25, 2010).  Consequently, the petitioner's statute of limitations ran when the AEDPA's one-year grace period expired on April 24, 1997.

Even if it were assumed that the multiple motions Mr. Sanders submitted were all "properly filed" post-conviction motions within the meaning of the AEDPA, none of them tolled the one-year limitations period because they were either fully disposed of prior to the AEDPA's enactment or filed after the AEDPA's statute of limitations had expired.[8]  For example, Mr. Sanders filed three CPL § 460.30 motions prior to April 24, 1996.  (June 27, 1990 Motion; Oct. 24, 1990 Motion; Feb. 14, 1994 Motion).  The last of these was denied by the First Department on May 5, 1994. (May 5, 1994 Order).  Because an order denying a CPL § 460.30 motion is not appealable, see CPL § 450.90(1), the petition was "finally disposed of" on that date.  Bennett, 199 F.3d at 120.

---

[8]  In fact, the petitioner's CPL § 460.30 motions were all filed after the one-year deadline for filing such applications. See CPL § 460.30(1); thus, the motions may not have been "properly filed" as the U.S. Supreme Court has defined that term. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("[T]ime limits, no matter their form, are 'filing' conditions.").

Further, after the one-year grace period expired, Mr. Sanders did not take any action until December 12, 1997,[9] when he filed a CPL § 440.10 motion.  (Nov. 24, 1997 Motion).  By that time, the one-year limitation period had run, and the motion did not toll it. To toll the statute of limitations, a motion must be filed before the statute of limitations for filing a habeas petition has expired.  Smith v. McGinnis, 208 F.3d 13, 15 (2d Cir. 2000); Scariola v. Kelly, No. 99 Civ. 4704, 2001 WL 849449, at *3 (S.D.N.Y. July 27, 2001) ("[T]olling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired.").  Likewise, the petitioner's subsequent three CPL § 440.10 motions and one CPL § 460.30 motion did not toll the statute of limitations because the one-year period had already passed by the time they were filed. Consequently, the petitioner's application for a writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(2).

Mr. Sanders nevertheless argues that the one-year statute of limitations should not apply, in part because of his trial counsel's failure to file a timely notice of appeal. (Pet., ¶ 18). The statute of limitations period imposed by the AEDPA may be tolled until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28  U.S.C. § 2244(d)(1)(D).  However, as the respondent properly notes, the petitioner cannot invoke Section

---

[9] This motion, which bears no date stamp, is dated November 24, 1997, but was sworn to and notarized on December 12, 1997.

2244(d)(1)(D) because Mr. Sanders discovered in January of 1990 that his trial counsel had not filed a notice of appeal on his behalf –– the factual predicate of his ineffective assistance claim. (Jan. 24, 1990 First Dep't Letter; Sanders Aff., ¶ 8). Therefore, even assuming that Mr. Sanders acted with due diligence in discovering by January of 1990 that no notice of appeal had been filed, his claim of ineffective assistance of counsel did not toll the one-year statute of limitations, which did not begin to run until April 24, 1996 under the AEDPA.

B. Equitable Tolling

1. Legal Standard

In Smith, 208 F.3d at 17, the Second Circuit determined that because the AEDPA's one-year time-bar is a statute of limitations rather than a jurisdictional bar, it may be equitably tolled. See also Holland v. Florida, ___ U.S. ___, ___, 130 S. Ct. 2549, 2560 (2010) (confirming that AEDPA's statute of limitations is not jurisdictional and "does not set forth an inflexible rule requiring dismissal whenever its clock has run.") (internal quotation marks omitted).

Equitable tolling is available only in the "rare and exceptional circumstance[]" in which "extraordinary circumstances prevented [the petitioner] from filing his petition on time." Smith, 208 F.3d at 17. Thus, in order to benefit from equitable tolling, a petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Harper v. Ercole,

648 F.3d 132, 136 (2d Cir. 2011) (quoting Holland, __ U.S. at __, 130 S. Ct. at 2562 (internal quotation marks omitted)).

The Second Circuit "has seldom found extraordinary circumstances sufficient to warrant equitable tolling," Atkins v. Warden, 585 F. Supp. 2d 286, 296 (D.Conn. 2008), aff'd, 354 F. App'x 564 (2d Cir. 2009), and has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011). Indeed, the term "extraordinary" does not refer to whether the claimed obstacle is merely out of the ordinary or unusual, but rather to "'how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010) (quoting Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008)). Moreover, there must be a "causal relationship between the extraordinary circumstances . . . and the lateness of his filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). That is, the obstacle must be so severe as to have made it impossible for the petitioner to have filed the petition on time. Id.; see also Morales v. United States, 373 F. Supp. 2d 367, 373 (S.D.N.Y. 2005) (denying request for equitable tolling when petitioner did not "adequately allege[] that he was unable . . . to file a petition" on time). It is therefore incumbent upon a petitioner to establish that the extraordinary circumstances existed during the AEDPA's limitations period. See, e.g., Victorial v. Burge, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) (denying request for equitable tolling because

11

petitioner "d[id] not demonstrate that he was incapacitated for any time period during the year in which he was to file his petition with the Court").

Even where the circumstances are sufficiently extraordinary to justify equitable tolling, a petitioner's failure to use reasonable diligence to pursue his claim destroys the causal link between the extraordinary circumstance and the tardiness of the petition.  See Valverde, 224 F.3d at 134.  A petitioner must prove that he acted with "reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17.  Thus, extraordinary circumstances do not merit equitable tolling where the petitioner could have, with reasonable diligence, filed within the limitations period, but failed to do so.  See id.

### 2. People v. Syville

The petitioner argues that he is entitled to equitable tolling because he had no avenue to bring an ineffective assistance of counsel claim based on a trial counsel's failure to file a timely notice of appeal until the New York Court of Appeals rendered a seminal decision in 2010.  (Memorandum of Law in Support of Petitioner's Response to Respondent's Motion to Dismiss at 7-10). That case, People v. Syville, 15 N.Y.3d 391, 912 N.Y.S.2d 477 (2010), held that a writ of error coram nobis is the proper avenue for relief when an attorney fails to follow through on a defendant's request to file a notice of appeal and the defendant claims he could not reasonably have discovered the failure within the one-year time period for filing a CPL § 460.30 motion after the

time for taking an appeal had expired.  Id. at 399-400, 912 N.Y.S.2d at 482-83.

However, if the petitioner had no avenue to bring his claim of ineffective assistance of counsel until the Syville decision was rendered, he could simply have filed a habeas petition immediately in this Court.  A petitioner in a habeas corpus proceeding is required to exhaust all available state remedies as to each of his federal claims.  28 U.S.C. § 2254(b)-(c); Rose v. Lundy, 455 U.S. 509, 522 (1982).  Therefore, if Mr. Sanders really had no avenue to bring his claim in state court, then his claim would have been exhausted, and there was no obstacle to his filing a habeas petition forthwith.

Moreover, even before the Syville decision, courts had held that the writ of error coram nobis is the proper avenue of relief for claims such as that asserted by Mr. Sanders.  For example, one New York State Supreme Court decision had stated that a "[d]efendant's remedy in regard to his contention that his attorney refused to file a notice of appeal is to present his claim of ineffective assistance by writ of error coram nobis in the Appellate Division."  People v. Morales, No. 2094/99, 2003 WL 1093005, at *5 (N.Y. Sup. Ct. Jan. 23, 2003).

Further, several courts in the Second Circuit addressing an alleged failure by an attorney to file a notice of appeal had found that the petitioner failed to exhaust state remedies under Section 2254(b)(1)(a) because he had failed to seek a writ of error coram nobis in state court.  For example, in Boynton v. Hicks, No. 02

13

Civ. 1439, 2003 WL 22087634 (S.D.N.Y. Sept. 9, 2003), the court
concluded that "[i]n New York, a common law writ of error coram
nobis is the proper vehicle for bringing a claim of ineffective
assistance of appellate counsel—such as the failure of counsel to
prosecute an appeal or to file a notice of appeal." Id. at *3
(quoting People v. Bachert, 69 N.Y.2d 593, 516 N.Y.S.2d 623, 626
(1987)); see also Perich v. Mazzuca, No. 05 Civ. 2942, 2007 WL
2455136, at *16 (E.D.N.Y. Aug. 23, 2007) (noting that "had
petitioner brought his ineffective assistance of counsel claim
[based on failure to file a timely notice of appeal] in a habeas
petition in federal court before filing the coram nobis application
in the Appellate Division, it would likely have been dismissed on
the ground that he had failed to exhaust available state remedies")
(emphasis in original); Rodriguez v. People, No. 00 Civ. 1399,
2000 WL 962748, at *2-3 (S.D.N.Y. July 11, 2000)(dismissing habeas
petition for failure to exhaust available state remedies and
directing petitioner to file writ of error coram nobis in Appellate
Division); Dumas v. Kelly, 105 F. Supp. 2d 66, 74-75 (E.D.N.Y.
2000)(dismissing habeas petition where petitioner had not raised
ineffective counsel claim based on counsel's failure to file timely
notice of appeal in state writ of error coram nobis). Therefore,
there was no "impediment" that prevented the petitioner from filing
a habeas corpus petition prior to the Syville decision. 28 U.S.C.
§ 2244(d)(1)(B).

     3. Lack of Representation and Ignorance of the Law

    Mr. Sanders also argues that the one-year limitations period

14

should not apply because he was not represented by counsel in his numerous attempts to appeal his conviction and because he was unaware of the process for filing a habeas corpus petition. However, ignorance of the law does not justify equitable tolling of the statute of limitations, even for pro se petitioners. See, e.g., Gonzalez-Ramos v. United States, Nos. 05 Civ. 3974, 99 Cr. 1112, 2007 WL 1288634, at *10 (S.D.N.Y. May 2, 2007) (collecting cases). A petitioner's pro se status is not in itself an extraordinary circumstance that merits equitable tolling. Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004) (noting that "pro se status does not . . . merit equitable tolling" of AEDPA's statute of limitations (citing Smith, 208 F.3d at 18)); see also Giles v. Smith, No. 10 Civ. 5322, 2010 WL 4159468, at *3 (S.D.N.Y. Oct. 8, 2010) ("[T]he fact that Petitioner . . . is proceeding pro se or is not familiar with legal research, is not generally considered an extraordinary circumstance meriting tolling."); Beals v. Farrell, No. 07 Civ. 4540, 2009 WL 2474049, at *3 (S.D.N.Y. Aug. 12, 2009) ("The mere fact of his pro se status provides no basis for equitable tolling.").

Similarly, it has been well established that ignorance of the law alone cannot constitute an extraordinary circumstance that tolls the AEDPA's one-year statute of limitations. See Prescod v. Brown, No. 10 Civ. 2395, 2011 WL 182063 (S.D.N.Y. Jan. 20, 2011) report and recommendation adopted by No. 10 Civ. 2395, 2011 WL 497855 (S.D.N.Y. Feb. 10, 2011) (citing Ormiston v. Nelson, 117 F.3d 69, 72 n.5 (2d Cir. 1997) ("Mere ignorance of the law is, of

15

course, insufficient to delay the accrual of the statute of limitations."")); <u>see also</u> <u>Diaz v. United States</u>, Nos. 11 Civ. 2248, 03 Cr. 187, 2012 WL 2864526 (S.D.N.Y. July 12, 2012) ("[I]gnorance of the law is insufficient for consideration under the 'extraordinary circumstance' prong."); <u>Ruiz v. Poole</u>, 566 F. Supp. 2d 336, 341 (S.D.N.Y. 2008) ("[I]gnorance of law does not constitute a rare and extraordinary circumstance that would merit equitable tolling."). Thus, none of the petitioner's arguments, either individually or taken together, are sufficient to demonstrate circumstances "sufficiently 'extraordinary' to warrant equitable tolling." <u>Dillon</u>, 642 F.3d at 363.

<u>Conclusion</u>

For the foregoing reasons, I recommend that the respondent's motion (Docket no. 12) be granted and Mr. Sanders' petition for a writ of habeas corpus be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Barbara S. Jones, Room 1920, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
      November 9, 2012

Copies mailed this date to:

Charles Sanders
88-T-2373
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-0500

Noah Jeffrey Chamoy Esq.
Bronx District Attorney's Office
198 East 161st Street
Bronx, NY 10451

17