```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
CHARLES SANDERS,                    :
                                    :
                  Petitioner,       :
                                    :       12 Civ. 3339
          v.                        :       (BSJ)(JCF)
                                    :       Memorandum and Order
PAUL CHAPPIUS,                      :
                                    :
                  Respondent.       :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

*Pro se* petitioner Charles Sanders ("Petitioner") filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 26, 2012 (the "Petition"). In his petition, Petitioner challenges his conviction, in New York State Supreme Court, Bronx County, on six counts of murder and one count each of burglary, robbery, and criminal possession of a weapon. Petitioner further asserts that he was deprived of effective assistance of counsel when his attorney failed to file a timely notice of appeal. In a Report and Recommendation ("R&R") dated November 9, 2012, Magistrate Judge James C. Francis recommends that this Court dismiss the Petition as time-barred. Petitioner

filed timely objections.[1] For the reasons discussed, the Court **OVERRULES** the Petitioner's objections and **ADOPTS** the R&R in its entirety.

## STANDARD OF REVIEW

Although the district court is obliged to liberally construe the claims articulated in a *pro se* habeas petition, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), a habeas petitioner still "bears the burden to prove his allegations by a preponderance of the evidence," Gotti v. United States, 622 F. Supp. 2d 87, 91 (S.D.N.Y.2009) (citing Whitaker v. Meachum, 123 F.3d 714, 716 (2d Cir.1997)).

When a magistrate judge has issued findings or recommendations, the district court "may accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* any portions of a magistrate judge's report to which a party has stated an objection. 28 Id.; see United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 38 (2d Cir. 1997.) "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same

---

[1] Although Petitioner's objections were not received by the Court until December 4, 2012, the Court considers the objections timely filed. In a letter dated November 29, 2012, Petitioner notified the Court that he experienced delays in filing due to slower mail service at his correctional facility during the Thanksgiving Holiday.

arguments set forth in the original petition,' the court reviews the report for clear error." Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006)(quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)).

## DISCUSSION[2]

In his objections, Petitioner objects to the R&R's finding that: (1) Petitioner's ineffective assistance of counsel claim did not toll the statute of limitations for his habeas petition; (2) Petitioner's circumstances do not merit equitable tolling; and (3) the Petition should be dismissed. The Court considers each of Petitioner's objections in turn.

### I. Application of Statute of Limitations

#### A. *Statute of Limitations under AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for habeas corpus petitions, running from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The Petitioner has not raised objections to the R&R's statement of the facts. The Court accordingly assumes familiarity with the R&R's "Background" section and incorporates that section herein.

3

28 U.S.C. § 2244(d)(1).

AEDPA further provides that "[]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennet v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 531 US. 4 (2000) (internal citations omitted.).

In the instant action, since Petitioner did not file a timely notice of appeal, Petitioner's judgment became final on January 17, 1989, when his time for appeal expired under CPL § 460.10(1). The Second Circuit has held that, in cases where an inmate's judgment became final prior to AEDPA's enactment, such petitioners have a one-year grace period from the enactment date in which to file their habeas corpus petitions, i.e., they must have filed their habeas petitions by April 24, 1997. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).

In his objections to the R&R, Petitioner argues that the statute of limitations period for his habeas petition should be tolled in part because his trial counsel provided constitutionally ineffective assistance by failing to file a

4

timely notice of appeal. The Court finds Petitioner's arguments unavailing.

As an initial matter, to the extent that Petitioner argues his claim should be tolled until "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence," 28 U.S.C § 2244(d)(1)(D), i.e. when he became aware that his trial counsel had not filed a notice of appeal, this argument does not assist Petitioner. As Petitioner does not dispute, Petitioner became aware of his trial counsel's alleged error in January of 1990, prior to when the statute of limitations began to run under AEDPA.

Furthermore, even if it assumes that the multiple motions filed in state court by Petitioner were all properly filed post-conviction motions within the meaning of AEDPA, the Court would still find that the statute of limitations for Petitioner's claims is not subject to tolling. All eight of Petitioner's motions pursuant to CPL § 460.30 and § 440.10 were either fully disposed of prior to AEDPA's enactment or filed after Petitioner's statute of limitations period under AEDPA had already expired. With respect to those motions disposed of prior to AEDPA's enactment, since the statute of limitations for Petitioner's claims began running on AEDPA's enactment date, any motion disposed of prior to the enactment date would have no impact on tolling under AEDPA. With respect to those motions

filed after Petitioner's statute of limitations period had already expired, these motions also have no impact on tolling, as a motion must be filed before the statute of limitations expires in order to toll that limitations period. See Smith v. McGinnis, 208 F.3d 13, 15-16 (2d Cir. 2000); Scariola v. Kelly, No. 99 Civ. 4704, 2001 WL 849449, at *3 (S.D.N.Y. July 27, 2001) ("[T]olling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired.") Petitioner's two petitions for a writ of error coram nobis relief are similarly of no consequence to Petitioner's tolling arguments, as both petitions were filed long after the statute of limitations under AEDPA had already expired.

### B. *Equitable Tolling*

Petitioner also objects to the R&R's finding that the instant action does not merit equitable tolling. Equitable tolling is a form of relief available only when "extraordinary circumstances prevented [the petitioner] from filing his petition on time." Smith, 208 F.3d at 17. In order to benefit from equitable tolling, a petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011) (internal quotations omitted).

6

In support of his argument for equitable tolling, Petitioner argues that he had no avenue to bring an ineffective assistance of counsel claim based on his trial counsel's failure to file a timely notice of appeal until the New York Court of Appeals rendered its decision in People v. Syville, 15 N.Y.3d 391 (N.Y. 2010). Syville involved two criminal defendants who, like Petitioner, each alleged that they were not provided effective assistance because of their counsel's failure to file a timely notice of appeal. The question considered by the Court of Appeals was "whether a defendant who discovers after the expiration of the CPL 460.30 grace period that a notice of appeal was not timely filed due to ineffective assistance of counsel has recourse through a coram nobis application." Syville, 15 N.Y.3d at 397. Finding that "a defendant must be provided with an opportunity to assert a claim that the right to appeal has been lost due solely to the unconstitutionally deficient performance of counsel in failing to file a timely notice of appeal," id. at 398, the Court of Appeals went onto hold that the common-law writ of error coram nobis is the "appropriate avenue for relief" for cases "[w]here an attorney has failed to comply with a timely request for the filing of a notice of appeal and the defendant alleges that the omission could not reasonably have been discovered within the one-year

period, the time limit imposed in CPL 460.30 . . . ." Id. at 399-400.

The Court finds Petitioner's arguments which rely on Syville unavailing. Even if the Court adopts Petitioner's argument that, prior to the Court of Appeals' decision in Syville, he had no avenue for bringing his claim of ineffective assistance of counsel,[3] this argument does not support Petitioner's position that his habeas claims merit equitable tolling. To the extent that Petitioner had no remaining state avenues of relief available prior to the Syville decision, it must logically follow that his state remedies were therefore exhausted, and he accordingly could have filed his petition for habeas relief during the time period that his statute of limitations was running. See 28 U.S.C. § 2254(b)-(c). Since "there must be a causal relationship between the extraordinary circumstances . . . and the lateness of his filing," Valverde v. Stinson, 224 F.3d 129, 134 (2d. Cir. 2000), and Petitioner's

---

[3] The Court notes that, even prior to the Syville decision, New York state and federal courts had held that a writ of error coram nobis was the proper avenue of relief for claims such as those asserted by Petitioner. See People v. Morales, No. 2094/99, 2003 WL 1093005, at *5 (N.Y. Sup. Ct. Jan. 23, 2003) ("Defendant's remedy in regard to his contention that his attorney refused to file a notice of appeal is to present his claim of ineffective assistance by writ of error coram nobis in the Appellate Division, First Dpeartment."); and Boynton v. Hicks, No. 02 Civ. 1439, 2003 WL 22087634, at *3 (S.D.N.Y. Sept. 9, 2003) ("In New York, a common law writ of error coram nobis is the proper vehicle for bringing a claim of ineffective assistance of appellate counsel- such as the failure of counsel to prosecute an appeal or to file a notice of appeal.")

8

arguments relying on Syville provide no explanation as to why he did not pursue habeas relief earlier, the Court finds that Petitioner has failed to demonstrate that an extraordinary circumstance stood in his way and prevented timely filing such that the Court should find that his habeas petition should be subject to equitable tolling.

### C. Lack of Representation and Ignorance of the Law

As a final argument as to why dismissal of his petition would be improper, Petitioner argues that the Court should find that he is not time barred because he was not represented by counsel in his numerous attempts to appeal his conviction and because he was unaware of the process for filing a habeas corpus petition. With respect to this argument, the Court notes that neither *pro se* status nor ignorance of the law are in and of themselves extraordinary circumstances that merit equitable tolling. See Rhodes v. Senkowsi, 82 F. Supp. 2d 160, 172 n. 7 (S.D.N.Y. 2000) (listing cases); and Ruiz v. Poole, 566 F. Supp. 2d 336, 341 (S.D.N.Y. 2008) ("[I]gnorance of law does not constitute a rare and extraordinary circumstance that would merit equitable tolling.") Accordingly, none of Petitioner's arguments, either individually or taken together, are sufficient to demonstrate circumstances sufficiently extraordinary to warrant equitable tolling.

9

## CONCLUSION

For the foregoing reasons, the Court overrules Petitioner's objections and adopts the R&R in its entirety. The Petition is dismissed and the Clerk of the Court is directed to close the case.

SO ORDERED:

*Barbara S. Jones*
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          January 2, 2013